FILED
2007 JAN 31 PM 3:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ dp _____ DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HOMER EARL GIBBS,<br><br>    Defendant. | ) Cr. No. 02-0843GT<br>)<br>) **ORDER**<br>) |

    On January 29, 2007, this Court spread the mandate from the Ninth Circuit Court of Appeals, reversing and remanding the case back for a new hearing on the OSC violation. The Court stated that the original admission by the defendant and the sentencing were overturned and the OSC proceedings were to start from the beginning. The Court advised Defendant, Homer Earl Gibbs ("Mr. Gibbs"), that he could either proceed with a contested hearing or an admission. Mr. Gibbs was granted a continuance to discuss his options with defense counsel.

    During this hearing, defense counsel made an oral motion to dismiss the first two allegations of the supervised release violation. Defense counsel argued that these two counts should be

dismissed because Mr. Gibbs could not retest the urine samples that are the basis of these two allegations. Defense counsel relied on <u>United States v. Martin</u>, 984 F.2d 308 (9th Cir. 1993) to support this argument. For the reasons stated below, Mr. Gibbs motion to dismiss the first two allegations is **DENIED.**

The facts underlying the reasoning and holding in <u>Martin</u> are considerably different that than the facts in this case. In <u>Martin</u>, the defendant submitted two urine samples which tested positive for cocaine and methadone. Based upon the urine samples, the district court found that Martin possessed a control substance and applied 18 U.S.C. § 3583(g) to enhance his sentence. Martin denied using cocaine and requested the court to allow a retesting of the samples, **which were still available**. The Court denied this request without an explanation. On appeal, the Ninth Circuit employed a balancing test of the defendant's right to confrontation against the Government's good cause for denying it. <u>Martin</u>, 984 F.2d at 310. The Ninth Circuit held that *"under the circumstances presented*, the government's good cause for denying confrontation fails to outweigh Martin's right to confrontation." <u>Martin</u>, 984 F.2d at 314.

The facts and circumstances in this case differ significantly from those underlying the <u>Martin</u> case. First, Mr. Gibbs has not contested the allegations of drug use or the accuracy of the urinalysis tests. As yet, these allegations have not been put into issue and there is no reason to retest the urine samples. Second, and perhaps most importantly, the urine samples are no longer available. The urine samples were taken in October and November of 2005 and have since been destroyed. It is standard procedure to destroy samples after one year. Since the samples are no longer available, Mr. Gibbs' request to retest these samples is too late.

In conclusion, in balancing Mr. Gibbs' right to confrontation against the Government's good cause for denying it, the balance tips in favor of the Government. Mr. Gibbs has not denied the allegations of drug use nor contested the accuracy of the urinalysis. Hence, Mr. Gibbs' right to confrontation is not implicated. On the other side of the balancing scales, the urine samples have long been destroyed in keeping with standard policy. Hence the Government has good cause for denying the request to retest those samples. Accordingly,

//

**IT IS ORDERED** that Defendant's Motion to Dismiss Allegations 1 and 2 of the Supervised Release Violation is **Denied.**

**IT IS SO ORDERED.**

1-31-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel